***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. The carrier liable on the risk is Reliance Insurance Company; however, this claim has been assigned to the North Carolina Insurance Guaranty Association.
4. The parties stipulated into evidence, as Stipulated Exhibit 1, a packet of Industrial Commission Forms.
 ***********
Based upon all the competent evidence of record the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was a 26-year-old male who had graduated from high school. Plaintiff's job history consisted of primarily physical labor, working in a warehouse or performing construction work, i.e. masonry, cement work, carpentry. Plaintiff became employed with defendant-employer in late July or early August 1999.
2. On November 15, 2000, plaintiff was employed with defendant-employer working in South Carolina loading and unloading a dump truck with trash. Plaintiff regularly lifted 60 to 75 pounds and performed significant bending and stooping. Plaintiff worked twelve-hour shifts from 7 a.m. to 7 p.m., Monday through Friday and worked every other Saturday. Plaintiff earned $515.00 per week. Plaintiff's supervisor was James Duffy.
3. On November 15, 2000, plaintiff was working at a site where irrigation pipe had to be set. As plaintiff was unhooking a piece of the pipe so that it could be loaded, the backhoe operator moving the pipe, misjudged the distance between the pipe and plaintiff and pinned plaintiff between the bed of the truck and the irrigation pipe. Plaintiff's supervisor, Jeff German, witnessed the accident.
4. Plaintiff felt immediate pain in his right hip area, tailbone area and upper chest area. He was not taken to the hospital or provided any other medical care but was told to obtain medical treatment with his family doctor. Plaintiff's supervisor, James Duffy, did not specify the doctor plaintiff should see. No accident report was prepared by any representative of defendants.
5. On November 17, 2000, plaintiff presented to Dr. Frank Kosterman, a chiropractor. Plaintiff complained of pain in his low back and right hip and gave a history of being struck by an irrigation pipe when loading a truck.
6. Dr. Kosterman diagnosed plaintiff with lumbar subluxation complex and treated plaintiff conservatively. On that date, Dr. Kosterman recommended that plaintiff remain out of work.
7. From November 17 through December 20, 2000, Dr. Kosterman continued to treat plaintiff conservatively and continued to keep plaintiff out of work. Dr. Kosterman was of the opinion that plaintiff continued to have pain but that his pain was improving.
8. On December 20, 2000, Dr. Kosterman discharged plaintiff from his care. He opined that plaintiff was at maximum medical improvement and that plaintiff continued to experience pain.
9. At the time of his release of plaintiff, Dr. Kosterman placed plaintiff on light duty with no lifting greater than 20 pounds.
10. Since Dr. Kosterman had not seen plaintiff since December 20, 2000, at the time of his deposition on October 8, 2002, he was unable to render an opinion on plaintiff's ability to work or plaintiff's permanent partial impairment rating which he might retain.
11. Dr. Kosterman is of the opinion that the condition for which he treated plaintiff in November and December 2000 was caused by the November 15, 2000 work-related incident when plaintiff was pinned between an irrigation pipe and a truck.
12. At the time of the hearing before the deputy commissioner, plaintiff testified that he has difficulty climbing stairs, sitting for long periods of time, standing for long periods of time, lying on his left side and lifting 20 to 25 pounds. Plaintiff further testified that he has attempted to find work within his physical capabilities at Wal-Mart, service stations, shoe stores and grocery stores but has been unsuccessful.
13. Plaintiff received benefits from the North Carolina Employment Security Commission for a period of approximately 26 weeks ending the week before plaintiff's hearing before the deputy commissioner on June 20, 2002. No evidence was submitted regarding the exact amount of these benefits. While receiving unemployment benefits, plaintiff was required to conduct job searches each week.
14. Plaintiff performed some work for a family friend consisting of carpentry work and driving a truck. Plaintiff did not earn regular wages or keep regular hours.
15. Plaintiff did not seek further medical treatment after December 20, 2000 because he was unable to afford additional medical treatment. Plaintiff testified that he currently has problems with constant pain in his back and neck. There is insufficient medical evidence available in the record to support plaintiff's claim that he continues to suffer disability as a result of his work-related injury on November 15, 2000; however, defendants' failure to accept liability for plaintiff's clearly compensable claim contributed to plaintiff's inability to obtain reasonably necessary medical care and his lack of medical evidence on his wage earning capacity.
16. On November 15, 2000, plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment with defendant-employer.
17. On November 15, 2000, defendant-employer had actual notice of the accident.
18. As a direct and proximate result of plaintiff's November 15, 2000 compensable injury, plaintiff sustained lumbar subluxation complex.
19. As a direct and proximate result of plaintiff's compensable injury on November 15, 2000, plaintiff was unable to earn wages in his former employment or in or any other employment from November 15, 2000 through and including at least December 20, 2000.
20. Plaintiff is entitled to temporary total disability compensation for the period from November 15, 2000 through and including December 20, 2000. A determination of plaintiff's disability after December 20, 2000 should be reserved until plaintiff has had an opportunity at defendants' expense to obtain such medical treatment as is reasonably required to effect a cure, provide relief or lessen his disability.
21. Plaintiff earned an average weekly wage of $515.00 per week, yielding a compensation of $343.35.
22. As a direct and proximate result of plaintiff's compensable injury, plaintiff required medical treatment by Dr. Frank Kosterman.
23. Plaintiff's treatment by Dr. Kosterman was reasonably necessary to effect a cure, provide relief and lessen plaintiff's period of disability.
24. Plaintiff continues to have pain and is entitled to additional medical treatment for his compensable injury.
25. Plaintiff is requesting attorney fees from defendants as reasonable sanctions for violating Industrial Commission Rule 601 and 603, and under N.C. Gen. Stat. § 97-88.1 for defending this claim without reasonable ground. Plaintiff suffered a clearly compensable injury on November 15, 2000 and there was no reasonable basis for defendants' denial of compensability on, or before May 14, 2001. Plaintiff has been prejudiced by defendant's conduct in this case; however, plaintiff cannot recover an award of attorney fees as sanctions from the North Carolina Insurance Guaranty Association, which was assigned this case.
 ***********
The foregoing stipulations and findings of fact engender the following:
 CONCLUSIONS OF LAW
1. On November 15, 2000, plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. On November 15, 2000, defendant-employer had actual notice of the accident. N.C. Gen. Stat. § 97-22.
3. As a direct and proximate result of plaintiff's November 15, 2000 compensable injury, plaintiff sustained lumbar subluxation complex.
4. As a direct and proximate result of plaintiff's compensable injury on November 15, 2000, plaintiff was unable to earn wages in the same or any other employment from November 15, 2000 through and including December 20, 2000. Plaintiff is entitled to temporary total disability compensation for the period from November 15, 2000 through and including December 20, 2000. N.C. Gen. Stat. § 97-29.
5. Additional medical evidence is needed to determine the extent of plaintiff's disability after December 20, 2000.
6. Plaintiff earned an average weekly wage of $515.00 per week, yielding a compensation of $343.35. N.C. Gen. Stat. § 97-2(5).
7. As a direct and proximate result of plaintiff's compensable injury, plaintiff required medical treatment by Dr. Frank Kosterman. Plaintiff's treatment by Dr. Kosterman was reasonably necessary to effect a cure, provide relief and lessen plaintiff's period of disability, and plaintiff is entitled to have defendants provide the same. N.C. Gen. Stat. §97-25.
8. Plaintiff continues to have pain and other physical limitations due to his compensable injury and is entitled to additional medical treatment to effect a cure, provide relief or lessen his disability. Defendants are obligated to provide all necessary medical treatment necessitated by plaintiff's injury. N.C. Gen. Stat. § 97-25.
9. Plaintiff's claim that he was physically disabled following December 20, 2000 to perform work with defendant-employer or was unable to obtain other work within his abilities is reserved for subsequent determination after defendants have provided reasonably necessary evaluation and treatment for plaintiff's injuries and additional evidence is presented on plaintiff's disability after 20 December 2000, if any.
10. Plaintiff's claim for sanctions must be denied. N.C. Gen. Stat. § 58-48-20(4). Bentley v. N.C. Insurance Guaranty Association107 N.C. App. 1 (1992).
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following:
 AWARD
1. Plaintiff is entitled to continuing medical compensation arising from his compensable injury by accident.
2. Defendants shall pay plaintiff temporary total disability compensation at the rate of $343.35 per week for the period from November 15, 2000 through and including December 20, 2000. This amount has accrued and shall be paid subject to an attorney's fee contained in Paragraph 3.
3. Defendants shall pay plaintiff's attorney a reasonable attorney's fee in the amount of 25% of the amounts awarded in Paragraph 2. This amount shall be deducted from the amount owed plaintiff and paid by defendants directly to plaintiff's attorney.
4. Plaintiff's claim for indemnity compensation after December 20, 2000 is reserved for subsequent determination.
5. Plaintiff's request for sanctions is denied.
6. Defendants shall pay the costs due this Commission.
This the ___ day of March 2004.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER